**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

LARRY ARCHIE ROUNTREE,          :
                                :
              Plaintiff,        :
                                :        CASE NO. 5:13-CV-170-HL-MSH
              VS.               :           42 U.S.C. § 1983
                                :
GARY DUPREE,[1]                 :
                                :
              Defendant.        :
_____

**ORDER AND**
**REPORT AND RECOMMENDATION**

Currently pending before the Court are Plaintiff's motion for appointment of counsel (ECF No. 16) and Defendant Dupree's motion to dismiss (ECF No. 20). For the reasons explained below, Plaintiff's motion is denied and it is recommended that Defendant's motion be granted.

**BACKGROUND**

Plaintiff's claims arise out of a physical attack on an unspecified date by Harold Don Woods. Plaintiff alleges that Defendant Gary Dupree, a Forensics Service Technician at Central State Hospital where Plaintiff is confined, instructed Woods to attack Plaintiff. (Suppl. Compl. 1, ECF No. 10.) Plaintiff further states that Woods did attack Plaintiff by hitting him in the mouth, causing injuries. (*Id.* at 2.)

After preliminary review, only Plaintiff's claims against Defendant Dupree remain

---

[1] Defendant Dupree has responded to Plaintiff's complaint and stated that his name is spelled "Dupree" not "Depree" as was originally listed on the docket.

pending.   Defendant Dupree moved to dismiss for, *inter alia*, Plaintiff's failure to exhaust his administrative remedies.   (Br. in Supp. of Def.'s Mot. to Dismiss 3-7, ECF No. 20-1.) Despite being instructed to do so, Plaintiff failed to respond to Defendant's motion to dismiss.   (*See* Order 1-3, Dec. 9, 2013, ECF No. 22.)   Defendant's uncontested motion is now ripe for review.

## DISCUSSION

### I.    Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel (ECF No. 16) on September 9, 2013.   Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   However, there is "no absolute constitutional right to the appointment of counsel."   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.   Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.      Accordingly, Plaintiff's motion for appointment of counsel is denied.

## II.      Failure to Exhaust

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."   *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).   The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.   *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").   Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.   *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."   *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).   "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*   If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.   *Id.*   "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order

to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant moves to dismiss for lack of exhaustion claiming that Central State Hospital had a grievance procedure in place, but that Plaintiff failed to utilize the steps of this procedure. (Br. in Supp. of Def.'s Mot. to Dismiss 6-7; *see also* Ingram Decl. ¶¶ 4-7, Dec. 9, 2013, ECF No. 20-2.) Plaintiff failed to respond to Defendant's motion to dismiss and state any facts concerning exhaustion of his administrative remedies. Furthermore, neither Plaintiff's original Complaint nor his Supplemental Complaint mentions any attempt to exhaust his available administrative remedies. There is no factual dispute that Plaintiff failed to exhaust his administrative remedies. His Complaint should therefore be dismissed at the first stage of the exhaustion analysis. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Assuming that Plaintiff had created a question of fact as to exhaustion, Defendant is entitled to dismissal at the second stage of the exhaustion analysis. At this second step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendant here has met that burden.

Defendant has established that Central State Hospital uses the grievance procedure outlined in Georgia Regulation 290-4-6-.07(1)(a). (Ingram Decl. ¶ 4 & Ex. A.) The Regulation mandates that a patient must follow a three-step process in order to exhaust his remedies: file a complaint with the hospital's Human Rights Committee, file a request for

review by the facility's superintendent, and file a request for review by the director of the Division of Mental Health and Mental Retardation.  (*Id.*)  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]"  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).   Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a complaint, and two appeals of that complaint, concerning his failure to protect claim prior to filing this action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

The evidence submitted by Defendant shows that Plaintiff failed to file any complaint with the Human Rights Committee regarding the allegations in his Complaint. (Ingram Decl. ¶ 7.)  Plaintiff has used the grievance procedure before and has filed complaints with the Human Rights Committee.  (*Id.* ¶ 6 & Ex. B.)  Thus, Plaintiff is familiar with the grievance procedure at Central State Hospital.  He did not, however, utilize any step in the grievance procedure provided to him concerning a failure to protect claim against Defendant Dupree.

It is clear from the evidence discussed above that Plaintiff did not exhaust his administrative remedies prior to filing this action.   Plaintiff did not follow the grievance procedure as provided by Central State Hospital.   He thus failed to exhaust his

administrative remedies regarding his failure to protect claim. Consequently, Defendant's motion seeking dismissal for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to appoint counsel (ECF No. 16) is denied and Defendant's motion to dismiss (ECF No. 20) should be granted for Plaintiff's failure to exhaust his administrative remedies. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 18th day of March, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE